An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JONATHAN LOPEZ,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
DOUG SMITH, DISTRICT JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 62754

FILED

MAY 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
        DEPUTY CLERK

## ORDER GRANTING PETITION IN PART

This original petition for a writ of mandamus or prohibition challenges an order of the district court denying petitioner's motion for employment of an expert witness at public expense. Petitioner contends that the district court manifestly abused its discretion by denying his motion without determining whether he was indigent or whether the expert was reasonably necessary for his defense.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, NRS 34.160, or to control an arbitrary or capricious exercise of discretion. *See Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). "[T]he State has a duty to provide reasonable and necessary defense services at public expense to indigent criminal defendants who have nonetheless retained private counsel." *Widdis v. Second Judicial Dist. Ct.*, 114 Nev. 1224, 1228, 968 P.2d 1165, 1167 (1998).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-14196

In *Widdis*, we clearly explained that before ruling on a motion for employment of an expert at public expense, the district court must make a determination as to whether the defendant is indigent and the expert is reasonably necessary for the defendant's defense. *See id.* at 1230, 968 P.2d at 1169. Here, the district court did neither. Instead, it summarily denied petitioner's request without conducting the analysis required by this court. This was an arbitrary or capricious exercise of discretion. *See State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. ___, ___, 267 P.3d 777, 780 (2011) (defining arbitrary and capricious).

Although petitioner has represented to this court that his family retained counsel on his behalf, the expert is necessary for his defense, and provided this court with his application for *Widdis* fees indicating that his household debts exceed his assets, we conclude that it would be premature to direct the district court to order the employment of the expert without specific findings. *See Widdis*, 114 Nev. at 1228, 968 P.2d at 1167-68. Therefore, we grant the petition, in part, and direct the clerk of this court to issue a writ of mandamus directing the district court to vacate its order denying petitioner's motion, hold a hearing, and grant the motion if the district court determines that petitioner is indigent and the expert testimony is reasonably necessary for petitioner's defense.

It is so ORDERED.

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                                               Saitta

 

cc: Hon. Doug Smith, District Judge
Dayvid J. Figler
Kristina M. Wildeveld
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk